# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2465 | **DATE** | 4/23/2004 |
| **CASE TITLE** | Voogd vs. Pavilion Foundation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, defendant's motion to dismiss [11-1] is granted. Case dismissed with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 26 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/23/2004 | |
| MD | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOANNE VOOGD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 2465 |
| | ) | Judge Joan H. Lefkow |
| PAVILION FOUNDATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

APR 2 6 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Joanne Voogd ("Voogd"), initially filed this action against defendant, Pavilion

Foundation ("Pavilion"), in the Circuit Court of Cook County, Illinois, alleging that Pavilion

wrongfully discharged her in retaliation for having requested accommodations for an alleged

disability in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*

("ADA"). Pavilion subsequently removed the case to this court. Before the court is Pavilion's

Motion to Dismiss the action pursuant to Illinois Supreme Court Rule 103(b) because of Voogd's

failure to diligently serve Pavilion. For the reasons stated below, the court grants the motion.

## PROCEDURAL HISTORY

Voogd was dismissed from her employment with Pavilion on December 19, 2000. On

June 18, 2001, she filed a charge of discrimination with the Illinois Department of Human Rights

and the Equal Employment Opportunity Commission ("EEOC"), alleging that she was

discharged because of her disability -- she alleged that she had Attention Deficit / Hyperactivity

Disorder -- and in retaliation for having requested accommodations for that disability. The

EEOC issued a right to sue letter on March 21, 2002.

Following advice she received in a phone call to the EEOC, Voogd filed a complaint for disability discrimination and retaliatory discharge in the Circuit Court of Cook County on June 5, 2002 (the "state action"). Voogd never served nor attempted to serve summons or the complaint on Pavilion.

After speaking with an attorney, Voogd filed a complaint in federal district court on January 2, 2003 (Case No. 03 C 25) (the "federal action"). That complaint paralleled the allegations set forth in the state action. Voogd moved to proceed *in forma pauperis* and the motion was granted on February 12, 2003. As a result, the U.S. Marshal was directed to serve Pavilion with summons and complaint and did so on February 24, 2003.

Pavilion filed a motion to dismiss the federal action because the pleadings demonstrated that Voogd did not file suit within ninety days of receiving the EEOC's right to sue letter. After Pavilion filed the motion to dismiss, Voogd, who was proceeding *pro se*, telephoned Pavilion's counsel and informed counsel of the previously filed and still pending state action. This was Pavilion's first notice of the state action. On April 10, 2003, Pavilion removed the state action to federal district court (Case No. 03 C 2465). On April 24, the court found the federal action and the state action related.

On May 14, 2003, this court denied Pavilion's motion to dismiss the federal action, holding that Pavilion waived any right to object to personal jurisdiction with respect to the state action by failing to file a responsive pleading within 20 days of removal, as required under Rule 81(c) of the Federal Rules of Civil Procedure. On July 21, 2003, the court granted Pavilion's motion to reconsider and vacated the May 14, 2003, order. The court agreed with Pavilion that "because defendant was never served with the complaint and summons [in the state action],

2

defendant's removal of the case did not waive its right to assert lack of personal jurisdiction."

The court nevertheless declined to dismiss the state action for lack of timely service, holding that 28 U.S.C. § 1448 provided Voogd with 120 days from the date of removal to ensure proper service on Pavilion. Because the state action survived the motion to dismiss, the court dismissed the federal action as superfluous.

On August 7, 2003, Pavilion's counsel agreed to accept service. On September 3, 2003, Pavilion filed the instant motion to dismiss.

## DISCUSSION

Pavilion contends that Voogd's complaint should be dismissed pursuant to Illinois Rule 103(b) because Voogd failed to exercise reasonable diligence to obtain service on Pavilion from June 5, 2002, when she originally filed the state action, until August 7, 2003, when Pavilion's counsel agreed to accept service. Pavilion also contends that the facts do not warrant equitable tolling of the statute of limitations either to defeat the motion to dismiss or to revive the previously dismissed federal action.

The Seventh Circuit has held that a suit initially filed in state court and subsequently removed to federal court may be dismissed pursuant to state procedural rules regarding delays in service of process. *Romo* v. *Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122-23 (7th Cir. 2001); *see also Allen* v. *Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986)("[I]n determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made . . ."). Thus, the court applies Illinois law to determine whether Voogd's case must be dismissed because of her delay in obtaining service on Pavilion.

3

Illinois Supreme Court Rule 103(b) provides, "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant, the action as to that defendant may be dismissed without prejudice, with the right to refile if the statute of limitation has not run." The rule does not state a specific time limitation within which the defendant must be served. However, the rule "has an essential purpose in promoting the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence." *Kreykes Elec., Inc.* v. *Malk and Harris*, 697 N.E.2d 885, 888 (Ill. App. 1st Dist. 1998). Rule 103(b) is not rooted in a subjective test of the plaintiff's intent but rather upon an objective evaluation of reasonable diligence in obtaining service of process. *Marks* v. *Reuben H. Donnelly*, 636 N.E.2d 825, 829 (Ill. App. 1st Dist. 1994).

In *Segal* v. *Sacco*, the Illinois Supreme Court delineated a seven-factor test for determining whether a plaintiff exercised reasonable diligence in serving a defendant. The factors are (1) the length of time used to obtain service of process; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of the pendency of the action; (6) special circumstances which would affect the plaintiff's efforts; and (7) actual service on the defendant. 555 N.E.2d 719, 720 (1990).

Voogd filed her suit in state court on June 5, 2002. Pavilion accepted service through its counsel on August 7, 2003. Voogd does not dispute that she made no effort to serve Pavilion during the intervening fourteen months.[1] She contends, however, that her delay was inadvertent,

---

[1] Voogd contends that "it is not accurate to argue, as does Defendant, that Plaintiff did 'nothing' to prosecute her case." (Pl. Resp. to Def. Mot. To Dismiss, at 5.) However, Pavilion is not arguing that Voogd did nothing to *prosecute* her case. Rather, Pavilion contends that Voogd did nothing to *effect service* on Pavilion, and

4

resulted in no prejudice to defendants and that under her unique circumstances she exercised reasonable diligence.

First, Voogd argues that, because of her *pro se* status, "she did not understand what was required of her to effect service." (Pl. Resp. to Def. Mot. To Dismiss, at 4; see also Voogd Affidavit ¶ 4.) However, under Illinois law, "*pro se* litigants are presumed to have full knowledge of applicable court rules and procedures." *Steinbrecher* v. *Steinbrecher*, 759 N.E.2d 509, 518 (Ill. 2001); *see also Harvey* v. *Carponelli*, 453 N.E.2d 820, 823 (Ill. App. 1st Dist. 1983)("This court will not apply a more lenient procedural standard to *pro se* litigants than is generally allowed attorneys."). Thus, Voogd cannot avoid the consequences of her delay in serving Pavilion by claiming ignorance of Illinois rules governing service of process.

Voogd's argument that her delay in service did not prejudice Pavilion also fails. The burden rests with the plaintiff to demonstrate reasonable diligence in effectuating service, and the defendant is not required to establish that it was prejudiced by plaintiff's delay. *Billerbeck* v. *Caterpillar Tractor Co.*, 685 N.E.2d 1018, 1020 (Ill. App. 4th Dist. 1997). While lack of prejudice may be a relevant consideration in the determination of whether a plaintiff exercised reasonable diligence, it is but one factor in the analysis. *Kreykes*, 697 N.E.2d at 1021. Here, the lack of prejudice to Pavilion is scarcely sufficient to overcome Voogd's failure to make any efforts to serve Pavilion for well over a year.

Finally, Voogd argues that her disorder "affected her ability to follow through on the tasks necessary to assure that Defendant was properly served." (Pl. Resp. to Def. Mot. To Dismiss, at 7-8.) However, Voogd's own affidavit demonstrates that her disorder had nothing to

---

Voogd does not contend otherwise.

5

do with her failure to serve Pavilion. Voogd states, "I did not realize that I had to take further steps to have the Sheriff serve the Defendant New Choice Program / Pavilion Foundation. I had no knowledge that I would have to find the Defendants' registered agent or have the Defendant served by the Sheriff in Champaign, Illinois." (Voogd Aff. ¶ 4.) If Voogd did not know that she was required to serve Pavilion, then her disorder is irrelevant. It could not have played a role in preventing her from accomplishing a task she was not aware she was required to perform.

Voogd is correct that the determination of whether a plaintiff has exercised reasonable diligence is a fact-intensive inquiry suited to balancing, not one in which there is a bright line. (Pl. Resp. to Def. Mot. To Dismiss, at 7.) Here, however, one side of the scale is empty. Voogd failed to take any efforts to serve Pavilion for over a year. Her only excuse is that she was not aware of the applicable rules, an irrelevant consideration under Illinois law. Thus, the court holds that she failed to exercise reasonable diligence.

Because Voogd failed to exercise reasonable diligence, Rule 103(b) provides that the action "may be dismissed without prejudice, with the right to refile if the statute of limitation has not run." The ADA incorporates Title VII's statute of limitations. 42 U.S.C. § 12117; *Kennedy v. Chemical Waste Mgmt., Inc.*, 79 F.3d 49, 50 (7th Cir. 1996). Thus, an ADA plaintiff has ninety days from the receipt of the right to sue letter from the EEOC to file suit. 42 U.S.C. § 2000e-5(f)(1). Voogd received her right to sue letter on March 21, 2002. The statute of limitations period expired on June 19, 2002.

However, the 90-day limit on filing suit after receipt of the right to sue letter is subject to equitable tolling in appropriate circumstances.[2] For equitable tolling to apply, a plaintiff must show (1) excusable ignorance of or non-compliance with the limitations period, with no prejudice to defendant, or (2) affirmative misconduct of defendant that lulled the plaintiff into inaction. *Payne* v. *Cook County Hospital*, 719 F. Supp. 730, 732 (N.D. Ill., 1989). Voogd argues that the first consideration entitles her to equitable tolling of the statute of limitations. However, Voogd was not ignorant of the limitations period; she filed her complaint in state court within ninety days of receiving her right to sue letter from the EEOC. Rather, she was ignorant of the requirement that she serve her complaint on Pavilion. As explained above, ignorance of this requirement is not "excusable" under Illinois law. *Steinbrecher*, 759 N.E.2d at 518; *see also Harvey*, 453 N.E.2d at 823. Thus, Voogd is not entitled to equitable tolling of the ADA's statute of limitations.

## CONCLUSION

For the reasons stated above, Pavilion's motion to dismiss is granted [#11]. Case is dismissed with prejudice.

ENTER: _____

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: April 23, 2004

---

[2]Citing *Smith* v. *Chicago Heights*, 951 F.2d 834, 838 (7th Cir. 1992), Pavilion argues that equitable tolling is inapplicable here because the ninety day filing period for ADA actions is a jurisdictional requirement and equitable tolling does not apply to statutes of limitations that are jurisdictional rather than procedural. However, in *Zipes* v. *TransWorld Airlines, Inc.*, the Supreme Court held that the requirement that a charge be filed with the EEOC within 180 days of the alleged discriminatory act is not a jurisdictional prerequisite to bringing suit and is therefore subject to equitable tolling. 455 U.S. 385 (1982). In *St. Louis* v. *Alverno College*, the Seventh Circuit held that the Supreme Court's rationale in *Zipes* also applied to the 90-day limit of § 2000e-5(f)(1). 744 F.2d 1314, 1316 n.2 (7th Cir. 1984). Thus, Pavilion's argument fails.